### NEW YORK CENT. & H. R. R. CO. v. JAMES BUTLER, Inc.

(Supreme Court, Appellate Term, First Department. January 8, 1914.)

CARRIERS (§ 194*)—ERRONEOUS RATE—LIABILITY OF CONSIGNEE.

An owner of goods consigned them to his own order with directions to notify defendant, pursuant to a contract by which defendant was to receive the goods for sale to be delivered f. o. b. in New York. *Held*, that defendant having paid the freight charges demanded on receiving the goods, to relieve them from the carrier's lien or as agent for the owner, was under no contractual liability to the carrier, and was not liable for a deficiency arising from a mistake of the carrier in failing to charge the proper rate.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 870–872; Dec. Dig. § 194.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the New York Central & Hudson River Railroad Company against James Butler, Incorporated. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed and dismissed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

John H. Rogan, of New York City, for appellant.
Alex. S. Lyman, of New York City (Jacob Aronson, of New York City, of counsel), for respondent.

LEHMAN, J. The goods were consigned under the bill of lading by George Cole to his own order, with instructions to notify James Butler. The terms of the agreement of sale between the said George Cole and the defendant were that the said shipment would be delivered by the said George Cole to the defendant f. o. b. at plaintiff's Thirty-Third Street Station, New York City. Under these circumstances, I fail to see that the defendant was under any contractual liability to pay the plaintiff any charges for their transportation. It paid the charges demanded, merely to relieve the goods from the lien of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff's charges, or as agent for Cole, who was under a contractual liability both to the carrier and to itself to pay these charges.

The defendant derived no benefit from the transportation at a cheaper rate than was lawful, and, in the absence of contractual liability to the company, cannot be held for the excess amount. I can see no distinction in principle between this case and the case of Pennsylvania R. Co. v. Titus, 156 App. Div. 830, 142 N. Y. Supp. 43; and the judgment should be reversed on authority of that case.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.